UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA,<br>on behalf of plaintiff and the class defined below,<br><br>                          Plaintiff,<br><br>                      v.<br><br>NATIONAL GAS AND ELECTRIC, LLC,<br>and JOHN DOES 1-10,<br><br>                          Defendants. | Civil Action No. 18-C-3370<br>***ELECTRONICALLY FILED*** |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant National Gas & Electric, LLC ("NGE") moves for partial judgment on the pleadings as to Plaintiff's Amended Complaint (Dkt. 29).

**SUMMARY**

1. Plaintiff's Amended Complaint, which NGE has answered, alleges two phone calls from NGE—one to Plaintiff's cellular phone, and the second to a "cell phone used by plaintiff's wife." Plaintiff's Telephone Consumer Protection Act ("TCPA") claim applies to both of these alleged calls. However, the Amended Complaint fails to state a TCPA claim as to the first call because it does not allege the use of an automatic telephone dialing system ("ATDS") and instead merely alleges a "predictive dialer."[1]

---

[1] As to the second call, the Amended Complaint alleges a prerecorded voice, which is a separate alternative requirement to state a TCPA claim. *See* 47 U.S.C. § 227(b)(1)(A).

## STANDARD

2. Rule 12(c) motions for judgment on the pleadings differ from Rule 12(b)(6) motions to dismiss because they are brought after an answer. *See* Fed. R. Civ. P. 12(c). Despite the difference in timing, Rule 12(c) motions are decided under the same standards that apply to motions to dismiss under Rule 12(b)(6). *See Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012). Thus, to avoid dismissal, a plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

## ARGUMENT & AUTHORITIES

3. The Amended Complaint alleges that NGE violated 47 U.S.C. § 227(b)(1)(A) of the TCPA, which allows a cause of action for "any call . . . using any [ATDS] . . . ." As to the call to Plaintiff's cell phone, the Amended Complaint states at 2:

> On April 25, 2017, plaintiff received a telephone call on his cell phone from 630-915-1165. Plaintiff answered the call. When Plaintiff answered the call identified in paragraph 8, there was a pause. . . . On information and belief, the calls were placed using a predictive dialer. Predictive dialers place calls without human intervention until a connection is made. The machine "predicts" when a human is likely to be available to take the call if answered.

4. An ATDS is defined as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1). Plaintiff pleads as to (B)—capacity to dial—but not as to (A)—capacity for generation of random or sequential phone numbers.

5. Recently, the United States Circuit Court for the D.C. Circuit issued an opinion that binds this Court and shows that the assertions in the Amended Complaint do not plausibly allege that NGE used an ATDS. *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018). The D.C. Circuit reversed the Federal Communication Commission's "expansive interpretation" of "capacity" and

rejected the FCC's understanding of the functions equipment must have to qualify as an ATDS. *See ACA Int'l*, 885 F.3d at 696-97, 702.

6. After *ACA Int'l* vacated agency guidance as to whether a predictive dialer without the capacity to generate random or sequential numbers qualifies as an ATDS,[2] statutory interpretation of the issue has been left to courts. Thus, in *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927, 932 (N.D. Ill. 2018), Judge Feinerman exhaustively considered the issue and concluded: "the phrase 'using a random or sequential number generator' necessarily conveys that an ATDS must have the capacity to generate telephone phone numbers, either randomly or sequentially, and then to dial those numbers." 319 F. Supp. 3d at 938. This is the only reasonable interpretation of the ATDS definition.

7. Applying that definition, Judge Feinerman concluded that a predictive dialer without capacity to generate randomly or sequentially telephone numbers to be dialed is not an ATDS under the TCPA. Further, the Second Circuit has made clear that, following *ACA Int'l*, the word "capacity" means "a device's current functions, absent any modifications to the device's hardware or software." *King v. Time Warner Cable Inc.*, 894 F.3d 473, 481 (2d Cir. 2018) (citation omitted).

---

[2] Courts disagree as to whether *ACA Int'l,* in disapproving a 2015 FCC order, also disapproved of incorporated FCC orders from 2003 and/or 2008, which stated that any predictive dialer is an ATDS even if the dialer cannot generate numbers randomly or sequentially. *Compare, e.g.*, *Pinkus*, 319 F. Supp. 3d at 932 ("*ACA International* invalidated not only the 2015 Declaratory Ruling's interpretation of the statutory term ATDS, but also the 2008 Declaratory Ruling's and 2003 Order's interpretation of that term.") and *Fleming v. Assoc. Credit Svcs., Inc.*, No. CV-163382, 2018 WL 4562460, at *8 (D.N.J. Sept. 21, 2018) ("I am convinced by the reasoning in *Pinkus* and similar decisions. I hold that when the D.C. Circuit vacated the 2015 FCC Declaratory Ruling it also necessarily set aside the parts of the previous 2003 and 2008 FCC Orders that ruled that a predictive dialer was impermissible under the TCPA.") *with Maes v. Charter Comm.*, No. 18-CV-124-JDP, 2018 WL 5619199, at *4 (W.D. Wis. Oct. 30, 2018) (stating that the 2003 order remains binding and citing cases for its position). NGE believes the reasonable interpretation is that when the D.C. Circuit's disapproval extended not only to the 2015 order but also to the incorporated 2003 and 2008 orders.

8. Because the Amended Complaint does not assert that the alleged "predictive dialer" had the capacity—absent modifications to the device's hardware or software—to randomly or sequentially generate and then dial telephone numbers, it fails to adequately allege an ATDS. Accordingly, the portion of the TCPA claim related to the call to Plaintiff's cell phone should be dismissed.

## **REQUEST FOR RELIEF**

For all of the foregoing reasons, NGE asks the Court to grant judgment on the pleadings by dismissing with prejudice Plaintiff's TCPA claim as to the alleged phone call to Plaintiff's cell phone.

Dated: November 2, 2018

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Tinos Diamantatos*
Tinos Diamantatos
tinos.diamantatos@morganlewis.com
William J. Kraus
william.kraus@morganlewis.com
77 West Wacker, Suite 500
Chicago, IL 60601
(312) 324-1000 (Telephone)
(312) 324-1001 (Facsimile)

Michelle D. Pector
michelle.pector@morganlewis.com
*Admitted Pro Hac Vice*
Jared Wilkerson
jared.wilkerson@morganlewis.com
*Admitted Pro Hac Vice*
1000 Louisiana, Suite 4000
Houston, TX 77002
(713) 890-5000 (Telephone)
(713) 890-5001 (Facsimile)

*Attorneys for Defendant National Gas & Electric, LLC*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 2, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to all counsel and parties of record.

                                                */s/ Tinos Diamantatos*
                                                Tinos Diamantatos