UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and the class defined below,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL GAS AND ELECTRIC, LLC, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 18-C-3370<br>*ELECTRONICALLY FILED* |

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendant National Gas and Electric, LLC ("NGE") respectfully submits its Reply in Support of its Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (Dkt. 34; "Rule 12(c) Motion").

As NGE pointed out in its Rule 12(c) Motion, whether Plaintiff's allegations as to the first (April 25, 2017) call in the First Amended Complaint can survive turns on whether the predictive dialer pled by Plaintiff qualifies as an Automatic Telephone Dialing System ("ATDS") as defined by the Telephone Consumer Protection Act ("TCPA"). This question in turn depends on how *ACA Int'l v. FCC,* 885 F.3d 687 (D.C. Cir. 2018) is interpreted: did that decision walk back only the FCC's 2015 guidance on this issue or the substantially identical 2003 and 2008 guidance as well? If *ACA Int'l* applied to the 2015 guidance only, then the alleged predictive dialer might qualify as an ATDS under the 2003 and 2008 guidance. If the opposite, then the statutory language governs and requires that an ATDS have capacity to generate phone numbers randomly or sequentially and then dial them, which Plaintiff does not plead. *See, e.g.*, *Gonzalez v. Ocwen Loan Svcg., LLC*, No. 5:18-cv-340-Oc-30, 2018 WL 4217065, at *6 (M.D. Fl. Sep. 5, 2018) (finding that because "the

question as to what devices are ATDSs is still unresolved ... this Court must answer that question by returning to the statutory definition of an ATDS found in [the TCPA]").

Though some courts disagree, Judge Feinerman correctly interpreted *ACA Int'l* in *Pinkus v. Sirius XM Radio, Inc.* 319, F. Supp. 927 (N.D. Ill. 2018); *see also, e.g., Douglas v. W. Union Co.*, Cause No. 14 C 1741, 2018 WL 4181484, *6 (N.D. Ill. Aug. 31, 2018) (citing *Pinkus* for its analysis of *ACA Int'l*); *Fleming v. Assoc. Credit Svcs., Inc.*, No. CV-163382, 2018 WL 4562460, at *8 (analyzing both sides of the argument and expressly agreeing with Judge Feinerman's analysis in *Pinkus*); *Sessions v. Barclays Bank Del.*, 317 F. Supp. 3d 1208, 1212 (N.D. Ga. 2018) ("the D.C. Circuit clearly held that it invalidated all of the FCC's pronouncements as to the definition of 'capacity' as well as its descriptions of the statutory functions necessary to be an ATDS").

Without restating the extensive analysis in *Pinkus* and the other cases that have taken up this issue over the last six months, NGE maintains that Judge Feinerman's reading of *ACA Int'l* is both technically correct and rational: *ACA Int'l* walked back not only the FCC's 2015 guidance but also the duplicative guidance from 2008 and 2003. *Pinkus*, 319 F. Supp. At 935 (*ACA Int'l* "necessarily invalidated the 2003 Order and 2008 Declaratory Ruling insofar as they provide, as did the 2015 Declaratory Ruling, that a predictive dialer qualifies as an ATDS even if it does not have the capacity to generate phone numbers randomly or sequentially and then to dial them."); *Gonzalez*, 2018 WL 4217065, at *6 ("the D.C. Circuit necessarily vacated the definition in the prior FCC Orders that the 2015 Order merely reaffirmed. To conclude otherwise would mean that courts are required to apply the definition of an ATDS—from the 2003 and 2008 Orders—that the D.C. Circuit vacated when reviewing the 2015 Order."). Plaintiff's citations to law from other

jurisdictions are unpersuasive. *See Fleming*, 2018 WL 4562460 at *7-8 (analyzing competing interpretations).

Plaintiff implicitly acknowledges this by requesting further discovery regarding telemarking equipment before his claim is dismissed. However, in determining a 12(c) motion, "a court may not look beyond the pleadings, documents incorporated by reference into the pleadings, and all documents attached to the pleadings as exhibits are considered a part of the pleadings." *Merck & Co. v. Principal Mut. Life Ins. Co.*, No. 93 C 7166, 1994 WL 258868, at *2 (N.D. Ill. June 9, 1994). Here, Plaintiff alleged, under Rule 11, that a predictive dialer was used, and he cannot walk back that allegations now that NGE has demonstrated that the allegation defeats his claim as to the first call.

Since the Amended Complaint does not assert that the alleged "predictive dialer" had the capacity absent modifications to the device's hardware or software to randomly or sequentially generate and then dial telephone numbers, Plaintiff has failed to adequately allege an ATDS. NGE therefore respectfully requests that the Court grant judgment on the pleadings with prejudice as to the first (April 25, 2017) alleged cell phone call in Plaintiff's TCPA claim.

Dated: December 5, 2018	Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Tinos Diamantatos*
Tinos Diamantatos
tinos.diamantatos@morganlewis.com
William J. Kraus
william.kraus@morganlewis.com
77 West Wacker, Suite 500
Chicago, IL 60601
(312) 324-1000 (Telephone)
(312) 324-1001 (Facsimile)

Michelle D. Pector
michelle.pector@morganlewis.com
*Admitted Pro Hac Vice*
Jared Wilkerson
jared.wilkerson@morganlewis.com
*Admitted Pro Hac Vice*
1000 Louisiana, Suite 4000
Houston, TX 77002
(713) 890-5000 (Telephone)
(713) 890-5001 (Facsimile)

*Attorneys for Defendant National Gas & Electric, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to all counsel and parties of record.

*/s/ Tinos Diamantatos*
Tinos Diamantatos