IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and the class defined below, | ) ) ) ) | |
| Plaintiff, | ) ) | 18 C 3370 |
| vs. | ) ) ) | Judge Kendall Magistrate Judge Schenkier |
| NATIONAL GAS AND ELECTRIC, LLC, SPARK ENERGY GAS, LLC, and JOHN DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1. Plaintiff Scott Dolemba brings this action to secure redress from unlawful practices engaged in by defendants National Gas and Electric, LLC and Spark Energy Gas, LLC. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305/1 ("IATDA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

**VENUE AND JURISDICTION**

3. This Court has jurisdiction under 28 U.S.C. §§1331 (federal question), 1337 (commerce), and 1367 (supplemental jurisdiction).

4. Venue and personal jurisdiction in this District are proper because:

    (a) Defendants' communications were received by plaintiff in this District;

    (b) Defendants transact business within this District.

**PARTIES**

5. Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

1

6. Defendant National Gas and Electric, LLC, is a Texas limited liability company with its office located at 12140 Wickchester Lane, Houston, Texas 77079. Its registered agent is C T Corporation System, located at 208 South LaSalle St, Suite 814, Chicago, Illinois, 60604. It is an alternative gas and electricity supplier.

7. Defendant Spark Energy Gas, LLC is a Texas corporation with its principal offices located at 12140 Wickchester Lane, Houston, Texas 77079. Its registered agent and office is C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. It is an alternative gas and electricity supplier.

8. Defendants National Gas and Electric, LLC and Spark Energy Gas, LLC are affiliated companies, operate at the same principal office and share a common chief executive officer. Defendants National Gas and Electric, LLC and Spark Energy Gas, LLC have other executives and managers in common.

9. Defendant John Does 1-10 are other natural or artificial persons that were involved in the calls described below. Plaintiff does not know who they are.

## FACTS

10. On April 25, 2018, plaintiff received a telephone call on his cell phone from 630-915-1165. (Exhibit A) Plaintiff answered the call.

11. When Plaintiff answered the call identified in paragraph 10, there was a pause. The representative plaintiff spoke with identified the company he was calling from as National Gas and Electric, LLC, provided the website, www.ngande.com, and asked for plaintiff's electric bill for the purpose of providing lower utility rates.

12. Plaintiff is a non-subscriber customary user of a cell phone number included on his wife's account. Plaintiff pays the cell phone bills for both his and his wife's cell phone usage.

13. On August 16, 2018, plaintiff answered an automated telephone call from 773-436-5156 on a cell phone used by plaintiff's wife but which plaintiff often answers as well.

(Exhibit B)

14. When Plaintiff answered the call identified in paragraph 13, there was a recorded message offering him the opportunity to lower the cost of his electric bill. After pressing 1, Plaintiff spoke with a male representative who identified the company he was calling from as National Gas and Electric, LLC and asked for plaintiff's electric bill for the purpose of offering electric services at supposedly lower rates.

15. On October 25, 2018, plaintiff answered an automated telephone call on his cell phone from 630-915-3998. (Exhibit C)

16. When Plaintiff answered the call identified in paragraph 15, there was a recorded message about lowering his ComEd bill. After pressing 1, Plaintiff spoke with a male representative who identified the company he was calling from as National Gas and Electric, LLC.

17. The website www.ngande.com is registered to and/or used by Spark Energy.

18. Defendants are jointly engaged in telemarketing efforts.

19. On information and belief, Spark Energy Gas, LLC placed the phone calls to cell phones used by Plaintiff and Plaintiff's wife using automated equipment that is used by both defendants.

20. Plaintiff may have received other calls from Defendants as well. Discovery may reveal additional automated telemarketing calls as well.

21. On information and belief, the calls were placed using an automated telephone dialing system which had the capacity to produce or store and dial randomly or sequentially, and/or used an artificial or pre-recorded voice message system.

22. When plaintiff answered the calls, there was a pause or recorded message. These are common features of an automated dialer – sometimes a call is placed by the device when no one is available to take the call if it is answered.

23. Plaintiff and his wife did not authorize the automated placement of calls to their

cell phones.

24. Defendants National Gas and Electric, LLC and Spark Energy Gas, LLC are responsible for making or causing the making of the unsolicited and automated phone calls.

25. Plaintiff and his wife have no prior relationship with defendants and have not authorized the phone calls to their cell phones.

26. Defendant National Gas and Electric, LLC as the entity whose products or services were advertised, derived economic benefit from the phone calls.

27. On information and belief, the unsolicited, automated phone calls were made as part of a mass broadcasting of automated, unsolicited phone calls.

28. On information and belief, defendants have made unsolicited, automated phone calls to cellular telephones of at least 40 other persons in Illinois.

29. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited, automated calls to avoid receiving them.

30. Defendants National Gas and Electric, LLC and Spark Energy Gas, LLC either negligently or willfully violated the rights of plaintiff and other recipients in making or arranging for the calls.

31. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited, automated calls and messages. The messages take time to retrieve, use memory and reduce battery life, and are annoying. Furthermore, plaintiff's statutory right of privacy was invaded.

32. Defendants should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

33. Plaintiff incorporates paragraphs 1-32.

34. The TCPA, 47 U.S.C. §227, provides:

> **§ 227. Restrictions on use of telephone equipment**
>
> **. . . (b) Restrictions on use of automated telephone equipment.**

>    **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
>    >    **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
>    >
>    >    >    **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

35.    The TCPA, 47 U.S.C. §227(b)(3), further provides:

>    **Private right of action.**
>
>    **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
>    >    **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>    >
>    >    **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>    >
>    >    **(C)  both such actions.**
>
>    **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

36.    Defendants violated the TCPA by using equipment that placed automated calls to plaintiff and other members of the putative class' cell phones.

37.    Plaintiff and each class member is entitled to statutory damages.

38.    Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated robocalls and their statutory right of privacy was invaded.

39.    Defendant violated the TCPA even if their actions were only negligent.

40.    Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

41. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (c) received calls placed by or on behalf of defendants National Gas and Electric, LLC and/or Spark Energy Gas, LLC on their cell phones, (d) placed using an automated dialer or a prerecorded or artificial voice.

42. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

43. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of using automated equipment to place phone calls to cellular telephones;

    b. The manner in which defendants obtained the cell phone numbers; and

    c. Whether defendants thereby violated the TCPA.

44. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

45. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

46. Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla.

2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Other cases include: *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

47.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    (a)    Statutory damages;

    (b)    An injunction against the further violations;

    (c)    Costs of suit; and

    (d)    Such other or further relief as the Court deems just and proper.

## COUNT II - ILLINOIS AUTOMATIC TELEPHONE DIALERS ACT

48. Plaintiff incorporates paragraphs 1-32.

49. The IATDA, 815 ILCS 305/30 provides:

Section 30. Violations.

    (a)    It is a violation of this Act to make or cause to be made telephone calls utilizing an autodialer to any emergency telephone number as defined in Section 5.  It is a violation of this Act to make or cause to be made telephone calls utilizing an autodialer in a manner that does not comply with Section 15.

    (b)    It is a violation of this Act to play a prerecorded message placed by an autodialer without the consent of the called party.

    (c)    Enforcement by customer.  Any customer injured by a violation of this Act may bring an action for the recovery of damages.  Judgment may be entered for 3 times the amount at which the actual damages are assessed, plus costs and reasonable attorney fees.

    (c-5)    In addition to the damages authorized under subsection (c), a consumer may obtain statutory damages in the amount of $500 per violation. . . .

50. Section 15 of the IATDA, 815 ILCS 305/15 provides:

Section 15.  Method of Operation.

    (a)    No person shall operate an autodialer in this State to place a telephone call during the hours between 9 p.m. and 9 a.m.

    (b)    All autodialers operated within the State of Illinois shall disconnect within 30 seconds after termination of the call by the subscriber or the autodialer. Where disconnection in the 30 seconds is technically not feasible, the autodialer shall utilize a live operator who shall:

        (1)    State his name, the name, address and telephone number of the business or organization being represented and the purpose of the call; and

      (2)    inquire at the beginning of the call whether the person called consented to hear the prerecorded message.

  (c)    An autodialer shall not be used to dial numbers determined by successively increasing or decreasing integers.

  (d)    An autodialer may not be operated in a manner that impedes the function of any caller ID when the telephone solicitor's service or equipment is capable of allowing the display of the solicitor's telephone number.

51.    Section 20 of the IATDA, 815 ILCS 305/20, provides:

Section 20. Exemptions.

  (a)    Except as provided in subsection (b), the provisions of this Act shall not apply to the following types of telephone calls made by an autodialer:

      (1)    calls made in response to an express request of the person called;

      (2)    calls made to any person with whom the telephone solicitor has a prior or existing business relationship;

      (3)    a telephone all placed on behalf of any political, charitable, public opinion polling, research survey, or radio or television broadcast rating organization.

  (b)    Notwithstanding the provisions of subsection (a), all calls made by an autodialer must be made in compliance with the requirements of subsection (d) of Section 15.

52.    "Autodialer" or "Autodialer System" is defined in 815 ILCS 305/5(a) as:

any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message, the term does not include any device associated with a burglar alarm system, voice message system or fire alarm system.

53.    Defendants violated the IATDA by using automated equipment that connected to the phones of plaintiff and other members of the putative class members with a recorded message.

54.    Defendants placed the calls to Plaintiff on August 16, 2018 and October 25, 2018 using autodialers with Illinois phone numbers. On information and belief, defendants' equipment used to make these calls to plaintiff were operated in Illinois.

55.    The unsolicited, autodialed, recorded messages plaintiff received on August 16,

2018 and October 25, 2018 were placed by or on behalf of defendants, and were not associated with a burglar alarm system, voice message system or fire alarm system.

56. The unsolicited, autodialed, recorded messages plaintiff received on August 16, 2018 and October 25, 2018 were placed by or on behalf of defendants, not any political, charitable, public opinion, research survey, or radio or television broadcast rating organization.

57. Plaintiff and each class member are entitled to statutory damages, attorney's fees and costs.

58. Plaintiff and the putative class members were subjected to annoying calls requesting personal account information from their utility bills that created a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communications, took time to answer and consumed the cell phone's battery.

59. Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated, recorded message robocalls and their statutory right of privacy was invaded.

## CLASS ALLEGATIONS

60. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with numbers in the Illinois area codes (b) who, on or after a date two years prior to the filing of this, (c) received calls placed by or on behalf of defendants National Gas and Electric, LLC and/or Spark Energy Gas, LLC on their phones, (d) placed using an automated dialer and a recorded message.

61. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

62. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of using automated equipment to

          place phone calls to telephone numbers in the Illinois area codes;

      b.      Whether defendant's equipment connected telephones with a recorded message;

      c.      The manner in which defendants obtained the phone numbers; and

      d.      Whether defendants thereby violated the IATDA.

63. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

64. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

65. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      (a)      Statutory damages;

      (b)      Attorney's fees and costs of suit; and

      (c)      Such other or further relief as the Court deems just and proper.

                          s/ Daniel A. Edelman
                          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603

(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                  s/ Daniel A. Edelman
                                                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com

**CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, certify that on February 20, 2019, I caused a true and accurate copy of the foregoing document to be filed with the Court's CM/ECF system which caused notice to be sent via email to the following:

Jared A. Wilkerson - jared.wilkerson@morganlewis.com
Michelle D. Pector - michelle.pector@morganlewis.com
Morgan Lewis & Bockius, LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002

Tinos Diamantatos - tinos.diamantatos@morganlewis.com
William J. Kraus - william.kraus@morganlewis.com
Morgan Lewis & Bockius LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601

I, Daniel A. Edelman, certify that on February 20, 2019, or as soon thereafter as service may be effectuated, I caused a true and accurate copy of the foregoing document to be served via hand delivery by process server on the following:

Spark Energy Gas, LLC
c/o Jared A. Wilkerson
Morgan Lewis & Bockius, LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002

                                                      s/ Daniel A. Edelman
                                                      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200